JUSTICE RICE
dissenting.
¶31 I join in Justice Cotter’s dissent.
¶32 Section 1-3-204, MCA, the waiver provision relied upon by the Court, is one of the “Maxims of Jurisprudence.” Section 1-3-101, MCA, provides:
Purpose of maxims. The maxims of jurisprudence set forth in part 2 of this chapter are intended not to qualify any of the other provisions of this code but to aid in their just application.
Pursuant thereto, we have held that § 1-3-204, MCA, cannot be used to “qualify other substantive statutory provisions.” Campbell v. Mahoney, 2001 MT 146, ¶ 17, 306 Mont. 45, ¶ 17, 29 P.3d 1034, ¶ 17. Here, the Court has used the waiver provision not only to qualify substantive law, but to re-write it.
¶33 In ¶ 16, the Court cites approvingly from the District Court decision:
[I]n order to comply with the Montana Code Annotated § 27-1-717, CBS had to reinstate its statutory rights by issuing another written demand for payment of the remaining balance after deducting all partial payments and waiting ten days. If full payment was not tendered pursuant to the new written demand, CBS could then demand the statutory damages in addition to the remaining balance of dishonored checks and service charges in a lawsuit filed pursuant to CBS’s rights under § 27-1-717.
This language, which sets forth a new “reinstatement” requirement, established by “another written demand,” which must reflect “all partial payments,” and undergo another “waiting” period, is pure legislating. It is entirely inaccurate to say that these new procedures *489 are necessary “to comply with” § 27-1-717, MCA. Collection Bureau fully complied with the statute, and it is incredulous to hold that its full compliance with the statute somehow transformed into a waiver of its rights thereunder.
¶34 In order to clarify matters, the Court should announce that its new legislative requirements shall henceforth be known as new subparagraph (8) of the statute. Of course, the only problem with attaching a subparagraph number to the Court’s new requirements is that the number would directly conflict with the subparagraph (8) which has been placed in the statute by the real Legislature:
(8) Making partial payments of amounts owed under this section or entering into an agreement for paying in whole or in part amounts owed under this section does not waive any right that the payee or the payee’s assignee may have under this section. Once a demand required under this section is made, the demand is not required to be repeated upon partial payment of amounts owed under this section.
Section 27-1-717(8), MCA (2003) (emphasis added).
¶35 The courts should stay out of the legislating business. I would reverse.
JUSTICE NELSON joins in the dissent of JUSTICE RICE.